UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Direct Niche, LLC,                                              Court File No. 15-cv-3971 (WMW/LIB)

          Plaintiff,

    v.                                                              **REPORT AND RECOMMENDATION**

Via Varejo S/A,

          Defendant.

      This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

      On October 30, 2015, Plaintiff Direct Niche, LLC, commenced the present action by filing a Complaint, [Docket No. 1], signed by its owner Michael A. Knight.

      On March 16, 2016, after more than 120 days had passed since Plaintiff filed its Complaint, [Docket No. 1], and Plaintiff had not provided proof of service upon Defendant Via Varejo S/A, the Court issued an Order, [Docket No. 4], notifying Plaintiff that the Federal Rules of Civil Procedure in effect at the time Plaintiff initiated the present action required Plaintiff to demonstrate proof of service

> "within 120 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (amended December 1, 2015).

(March 16, 2016, Order, [Docket No. 4]). Pursuant to Rule 4(m), the Court directed Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve Defendant by no later than April 6, 2016, failing which the Court would recommend dismissal for failure to

effect proper service and failure to prosecute. (Order [Docket No. 4]). Plaintiff did not comply with the directives in the Court's March 16, 2016, Order. [Docket No. 4].

On April 8, 2016, the Court issued a second Order, [Docket No. 5]. In the Order, the Court noted that, as there is no indication in the record presently before the Court that Plaintiff's owner is a licensed attorney, it also appeared that Plaintiff was attempting to proceed in federal court *pro se*, which as a corporation it may not do. (April 8, 2016, Order, [Docket No. 5], 1 (citing Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993) ("[A] corporation cannot appear pro se."); S.E.C. v. Lawton, No. 09-cv-368 (ADM/AJB), 2011 WL 1467742, at *1 (D. Minn. Apr. 18, 2011) (noting that a LLC cannot proceed *pro se*), aff'd 449 F. App'x 555 (8th Cir. 2012)). The Court exercised its discretion to grant Plaintiff until April 22, 2016, to obtain counsel and for such counsel to make an appearance in the above-captioned matter. (April 8, 2016, Order, [Docket No. 5], 1). The Court also granted Plaintiff a second extension of time until April 22, 2016, for Plaintiff to, through counsel, either provide proof of service upon Defendant Via Varejo S/A or to demonstrate good cause for an extension of time to do so. (Id. at 1-2). The Court informed Plaintiff that, if it did not comply with the directives in the Court's April 8, 2016, Order, the Court would recommend that the present action be dismissed for failure to prosecute and for failure to effect proper service. (Id. at 3).

April 22, 2016, has come and gone and no licensed attorney has made an appearance on Plaintiff's behalf in the present case. Nor has Plaintiff provided proof of service of a summons

and Complaint on Defendant Via Varejo S/A or offered anything to demonstrate good cause to grant it an additional extension of time to do so.

Therefore, pursuant to Rule 4(m) and long-standing authority that holds that a corporation may not proceed *pro se* in federal court, **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint, [Docket No. 1], be **DISMISSED without prejudice**, for failure to effect service and for lack of prosecution, unless Plaintiff, within the 14-day period to object to this Report and Recommendation, obtains counsel and such counsel appears and provides proof of service or demonstrates good cause for an extension of time to serve Defendant. See Widtfeldt v. Daugherty, U.S. Ct. App. No. 14-1907 (8th Cir. December 16, 2014) (*per curiam*, unpublished) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within 120 days after filing his complaint).

Dated:  May 6, 2016                                         **/s/ Leo I. Brisbois**
                                                            Leo I. Brisbois
                                                            U.S. MAGISTRATE JUDGE

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.